STEVEN N. BERGER, SBA #009613
PATRICK A. CLISHAM, SBA #023154
MICHAEL P. ROLLAND, SBA #030744
**ENGELMAN BERGER, P.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004
_____
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: snb@eblawyers.com
Email: pac@eblawyers.com
Email: mpr@eblawyers.com
_____

Counsel for the GPMI Litigation Trust

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GPMI, CO., an Arizona corporation,<br><br>EIN 86-0635770<br><br>Debtor. | Chapter 11<br><br>Case No. 2:22-bk-00150-EPB<br><br>Adv. Case No. 2:22-ap-00246-EPB |
| GPMI, CO., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>IOU CENTRAL INC., a Georgia corporation,<br><br>Defendant. | **STIPULATION TO DISMISS COMPLAINT WITH PREJUDICE** |

Plaintiff, GPMI Litigation Trust and Defendant, IOU Central Inc., through undersigned counsel, having agreed to fully settle their disputes in accordance with the terms of the Settlement Agreement attached hereto as Exhibit "A," hereby STIPULATE and AGREE that the Court may dismiss the Complaint filed in this matter, with prejudice, and with both parties to bear their own attorneys' fees and costs.

///

///

///

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | **DATED** this 18th day of July, 2023.                          |
| 2   | **ENGELMAN BERGER, P.C.**                                       |
| 3   | By */s/ Michael P. Rolland, #30744*                             |
| 4   | Michael P. Rolland<br>Steven N. Berger                          |
| 5   | Patrick A. Clisham<br>*Attorneys for Plaintiff*                 |
| 6   | **ZDANCEWICZ LAW FIRM PLC**                                     |
| 8   | By */s/ Michael Zdancewicz (w/permission)*                      |
| 9   | Michael Zdancewicz<br>*Attorney for Defendant*                  |

**COPY** of the foregoing transmitted via the Court's ECF system, and as indicated this 18th day of July, 2023, to the following:

**OFFICE OF THE U.S. TRUSTEE**
Attn: Larry L. Watson
**Via Email: Larry.Watson@usdoj.gov**

Zdancewicz Law Firm, PLC
Post Office Box 51826
Phoenix, Arizona 85076
**Via Email:** MZ@Zlawaz.com
**Via Email:** Notice@ZLawAZ.com
*Attorney for IOU Central Inc.*

By: */s/ Alyssa C. Moomaw*

# EXHIBIT "A"

DocuSign Envelope ID: 299A99C9-8F5E-4225-BB82-16D274271E84

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is made and entered on the 28th day of June 2023, by and between GPMI Litigation Trust (the "**Trust**"), and IOU Central Inc., a Georgia corporation ("**IOU**"). The Trust and IOU are referred to individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

A.  IOU made a loan to GPMI Co., an Arizona corporation ("**GPMI**"), in the principal amount of $700,000, as set forth in a Promissory Note dated August 9, 2021("**Note**"). The Note purported to grant a blanket security interest to IOU in substantially all of GPMI's personal property, and IOU recorded a UCC-1 financing statement with the Arizona Secretary of State at record number 2021-006-9708-4 ("**Lien**").

B.  On January 10, 2022, GPMI Co., an Arizona corporation ("**GPMI**") filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Arizona under chapter 11 of Title 11 of the United States Code, commencing bankruptcy case no. 2:22-bk-00150-EPB ("**Bankruptcy Case**"). GPMI scheduled the amount of IOU's claim as $508,100.00. IOU has not filed a proof of claim in GPMI's bankruptcy case.

C.  On October 28, 2022, GPMI filed its *Adversary Complaint to Avoid Preferential Transfers*, commencing adversary no. 2:22-ap-00246-EPB ("**Adversary Case**"), seeking to, among other things, avoid and recover the Lien and other prepetition transfers.

D.  The Parties are entering into this Agreement to settle and resolve any and all disputes, differences, and claims that now exist or may exist between them as of the date of this Agreement relating to the Note, Lien, Bankruptcy Case, and Adversary Case, subject to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing Recitals, and the mutual covenants, obligations, and release contained herein, the Parties hereby agree as follows:

## COVENANTS

1.  **Incorporation of Recitals.** The foregoing Recitals are hereby incorporated by reference as additional terms of this Agreement, and the Parties hereby affirm the accuracy and truthfulness of the foregoing Recitals.

2.  **Conditions Precedent**. This Agreement is subject to and conditioned upon the occurrence of each of the following conditions. The last date on which all of the following conditions has occurred shall be known as the "**Effective Date**."

    a.  Each of the Parties shall have signed this Agreement and delivered a copy of this Agreement bearing their signatures to the other Parties;

b.  IOU shall have signed the stipulation attached hereto as **Exhibit A** ("**Stipulation to Dismiss**") providing for the dismissal of the Adversary Case with prejudice with each party to bear its own costs and attorneys' fees, and delivered a copy to the Trust;

c.  IOU shall have signed the stipulation attached hereto as **Exhibit B** ("**Stipulation to Allow Claim**") providing that IOU shall have an allowed general unsecured, non-priority claim in the Bankruptcy Case in the amount of $575,000, and delivered a copy to the Trust.

3.  **Settlement Payment**. Within three (3) business days after the Effective Date, IOU shall pay to the Trust the amount of **THIRTY-SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($37,500.00)** ("**Settlement Payment**"). The Settlement Payment shall be payable by cashier's check made payable to "GPMI Litigation Trust" and delivered to GPMI Litigation Trust, Attn: Yarron Bendor, 190 S. McQueen Road, Suite 109, Gilbert, Arizona.

4.  **UCC-3 Termination Statement**. Within three (3) business days after the Effective Date, IOU shall: (i) file a UCC-3 termination statement with the Arizona Secretary of State terminating the UCC-1; (ii) file UCC-3 termination statements in all other jurisdictions in which IOU filed a UCC-1 financing statement, and any and all other documents necessary to terminate, withdraw, and release any purported liens of IOU against GPMI; and (iii) deliver to GPMI written proof that IOU has satisfied (i) and (ii).

5.  **Dismissal of Adversary Lawsuit and Allowance of IOU's Claim**. Within three (3) business days of IOU's complete satisfaction of their duties under both paragraphs 2 and 3 above, the Trust shall cause its counsel to file the Stipulation to Dismiss in the Adversary Case, and the Stipulation to Allow Claim in the Bankruptcy Case.

6.  **Relinquishment of Interest in Property**. On the Effective Date, IOU shall be deemed to have fully relinquished and forever disclaimed any and all interest in or to the Property or any proceeds of the Property, including without limitation any insurance proceeds related to loss or damage to the Property.

7.  **Mutual Release.** Upon the Effective Date, each of the Parties shall be deemed to have mutually released and forever discharged each other Party and their respective predecessors, successors, attorneys, insurers, agents, representatives and assigns (collectively, the "**Released Parties**"), from any and all claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages, of any nature whatsoever, known or unknown, asserted, or which could have been asserted, suspected or unsuspected, fixed or contingent, that the Parties ever had, now have, or hereafter may have against one another, and which arise out of or relate to the Bankruptcy Case, the Adversary Case, or the Property; provided, that this release shall not relieve any of the Parties of their respective obligations under this Agreement.

8.  **General**.

  a. <u>Successors and Assigns</u>. The Parties understand and expressly agree that this Agreement will be binding upon them, as well as their heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

  b. <u>Venue and Governing Law</u>. This Agreement has been executed in the State of Arizona and the laws of the State of Arizona shall govern the validity and interpretation of this Agreement and the performance of the Parties under this Agreement, without regard to conflict of law principles. Any action or proceeding arising out of or related to this Agreement shall be filed and maintained exclusively in the Bankruptcy Court, and the prevailing party shall be entitled to an award of their attorneys' fees and costs.

  c. <u>Severability</u>. If a court of competent jurisdiction declares any of the Agreement's provisions unenforceable, the remaining provisions shall be enforced as though the Agreement does not contain the unenforceable provisions.

  d. <u>Entire Agreement</u>. This Agreement sets forth the Parties' complete and final agreement with respect to the resolution of the matters set forth herein, and amends any and all prior agreements referenced herein or understandings between the Parties pertaining to the matters addressed herein. This Agreement may not be altered or amended except by a written instrument executed by all Parties who are affected by such alteration or amendment. This Agreement shall not be effective unless and until executed by all Parties.

  e. <u>Full and Independent Knowledge</u>. The Parties represent that they have thoroughly discussed all aspects of this Agreement with their respective attorneys, or that they have had the opportunity to consult with an attorney of their choosing, and that they fully understand all of the provisions of the Agreement, and are voluntarily entering into this Agreement.

  f. <u>Further Assurances</u>. Each Party agrees to do any other act or execute any additional documents reasonably requested by any other Party to effectuate the purposes of this Agreement.

  g. <u>Construction</u>. The Parties and signatories hereto, and each of them, agree and acknowledge that the terms and language of this Agreement have been jointly drafted by all of the Parties and waive the application of any rule construing ambiguities against the drafter.

  h. <u>Attorneys' Fees</u>. The Parties shall bear their own costs and attorneys' fees with respect to the negotiation, documentation, and execution of this Agreement.

  i. <u>Counterparts and Execution.</u> This Agreement may be executed in multiple counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same Agreement. This Agreement may be executed and transmitted electronically, including by email and facsimile, and such electronic signatures and copies shall have the force and effect of an original signature.

3

Case 2:22-ap-00246-EPB Doc 14 Filed 07/18/23 Entered 07/18/23 15:25:55 Desc
Main Document Page 6 of 8

DocuSign Envelope ID: 299A99C9-8F5E-4225-BB82-16D274271E84

  j. <u>No Third-Party Beneficiaries</u>. This Agreement is intended for the benefit of the Parties hereto and their respective successors and permitted assigns and is not for the benefit of, nor may any provision hereof be enforced by, any other person or entity, except as otherwise expressly set forth herein.

***[signatures on following page]***

4

Case 2:22-ap-00246-EPB Doc 14 Filed 07/18/23 Entered 07/18/23 15:25:55 Desc
Main Document Page 7 of 8

DocuSign Envelope ID: 299A99C9-8F5E-4225-BB82-16D274271E84

*<<<Signature Page to SETTLEMENT AGREEMENT>>>*
*by and between IOU Central Inc. and the GPMI Litigation Trust*

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of the day and year first written above.

**GPMI LITIGATION TRUST**

By: *Yarron Bendor*
       Yarron Bendor, Trustee


**IOU CENTRAL INC., A GEORGIA CORPORATION**


By: *Jason E. Stevens*
Printed Name: Jason E. Stevens
Its: Vice President Loss Mitigation